Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
Christopher M. Humes, Esq.
Nevada Bar No. 12782
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
Email: asegal@bhfs.com
Email: bcloveland@bhfs.com
Email: chumes@bhfs.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA; BOARD OF TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND, | Case No. 2:19-cv-00164-JAD-GWF |
| Plaintiffs, | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (ECF NO. 7)** |
| vs. | |
| ABC EXPO SERVICES, LLC, a Nevada limited liability company | |
| Defendant. | |

Before the Court is the Plaintiffs', the Boards of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada, and of the Teamsters Convention Industry Training Fund ("Trust Funds"), Motion for Default Judgment against Defendant ABC Expo Services, LLC ("ABC Expo"). (ECF No. 7.) Default having been entered against Defendant, the Court having

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

1  reviewed the Plaintiffs' Motion, being fully advised, and good cause appearing, the Court now

2  makes the following findings of facts and conclusions of law.

3  **I.  Finding of Facts.**

4      1.      Plaintiffs Boards of Trustees are fiduciaries for purposes of the Employee

5  Retirement Income Security Act of 1974 ("ERISA").

6      2.      Defendant ABC Expo, acted as an employer within the State of Nevada employing

7  persons who perform work covered by a collective bargaining agreement ("CBA") between ABC

8  Expo and the International Brotherhood of Teamsters Local 631 ("Union").The Trust Funds are

9  ERISA employee benefit trust funds that provide benefits to Covered Employees.

10     3.      The CBA requires that in the event ABC Expo subcontracts work covered by the

11 CBA to a company not signatory to a CBA with the Union, the ABC Expo would ensure that the

12 subcontractor observes the applicable working conditions and wage rates, including the

13 remittance of employee benefit contributions to the Trust Funds.

14     4.      ABC Expo subcontracted work covered under the CBA to Thunder and Lightning,

15 LLC ("T & L").

16     5.      T & L was not signatory to a CBA with the Union.

17     6.      T & L failed to remit all required employee benefit contributions to the Trust

18 Funds.

19     7.      Demand has been made to ABC Expo to remit T & L's delinquent contributions

20 and other amounts due to the Trust Funds on behalf of T & L, but ABC Expo has failed and

21 refused to pay, and continues to refuse to pay these amounts.

22     8.      A contract compliance review ("Audit") was performed of ABC Expo, showing

23 that ABC Expo owes $1,060, to the Trust Funds for employee benefit contributions. Additionally,

24 the Audit also shows that ABC Expo owes $13,711, due to T & L's failure to remit employee

25 benefit contributions.

26     9.      The Trust Funds' Collection Policy requires an additional $5,000 in attorney's fees

27 and costs in any instance where the Trust Funds seek a delinquency judgment by default

28 judgment.

19026283                                    2

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

**II.     Conclusions of Law.**

1.      "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)).

2.      The Trust Agreements and 29 U.S.C. § 1145 require each employer, including ABC Expo, to submit monthly remittance reports and to make timely contributions to the Trust Funds on behalf of each employee who performs work covered by the CBA.

3.      If ABC Expo uses a subcontractor to perform work covered by the CBA, the CBA requires ABC Expo to "require the subcontractor to observe the applicable wage rates, hours and working conditions set forth in this Agreement."

4.      Courts have routinely held that if a subcontractor does not pay employee benefit contributions required by collective bargaining agreement, the signatory employer is liable for its subcontractor's delinquent contributions. *See Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105, 1114-15 (9th Cir. 1979); *In re Swanson-Dean Corp.*, 61 L.A. 682, 686-87 (1977), enforced, 646 F.2d 376 (9th Cir. 1981) ("The (subcontracting) language accepted by the employer is analogous to that used in guarantor agreements, or agreements of indemnification, and it is our conclusion that the parties intended that the employer would pay if the subcontractor did not"); *Brogan v. Swanson Painting Co.*, 682 F.2d 807, 809 (9th Cir. 1982); *Bd. of Trustees of N. California Floor Covering Indus. v. Dalton Interiors, Inc.*, No. C 98 2211 EDL, 2000 WL 152131, at *2 (N.D. Cal. Feb. 8, 2000) ("Dalton is liable for unpaid non-union subcontractor contributions").

5.      If the court did not require the employer to make trust fund payments upon the subcontractor's default, the trustees "would have no remedy for defendant's undisputed breach of contract." *Trustees of Teamsters Const. Workers Local No. 13, Health & Welfare Tr. Fund for Colorado v. Hawg N Action, Inc.*, 651 F.2d 1384, 1387 (10th Cir. 1981).

6.      Federal Rule of Civil Procedure 55(b)(2) permits a court to grant default judgment against a defendant who has failed to plead or defend an action. To determine whether a default judgment is appropriate, courts may consider the following factors:

19026283                                                    3

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

7. As to the first element of the *Eitel* test, the Trust Funds will suffer prejudice if default judgment is not entered because they "'will likely be without other recourse for recovery' if default judgment is not entered in their favor." *Tr. of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tile Concepts, Inc.*, No. 2:16-cv-01067-GMN-GWF, 2016 WL 8077987 (D. Nev. Dec. 7, 2016) (quoting *Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1318 (D. Nev. July 8, 2013)). ABC Expo has failed to meet its obligations under the collective bargaining agreement to ensure that its subcontractor, T & L, remitted contributions to the Trust Funds. ABC Expo has refused to pay these amounts and failed to participate in this litigation. Therefore, because the Trust Funds will have no recourse against ABC Expo unless default judgment is granted, the first *Eitel* factor favors the entry of default judgment.

8. The second and third *Eitel* factors address the merits and sufficiency of a plaintiff's claim. *Eitel*, 782 F.2d at 1471-72. The undisputed facts in this case demonstrate that ABC Expo failed to monitor and require T & L, ABC Expo's subcontractor, to make the same contributions as required by the collective bargaining agreement. (Complaint at ¶ 8). As a result of ABC Expo's failure to require T & L to make the employee benefit contributions to the Trust Funds, ABC Expo is liable to the Trust Funds for both its and T & L's unpaid contributions, interest, liquidated damages, audit fees and attorney's fees. *See* 29 U.S.C. § 1132(g)(2). As a result of having default entered against it, ABC Expo has admitted these facts, which should be taken as true. The second and third *Eitel* factors favor the entry of default judgment.

9. The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, based on the Trust Funds' governing documents and 29 U.S.C. § 1132(g)(2). This factor also favors the entry of default judgment.

19026283

4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

10.     Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Because ABC Expo has had a default entered against it, the allegations in the complaint are deemed admitted and taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)). Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

11.     The sixth *Eitel* factor demonstrates that excusable neglect is not a factor here. The Complaint was filed on January 28, 2019. (ECF No. 1) A Summons was issued to ABC Expo on the same day (ECF No. 3), and the registered agent accepted service of the Summons and Complaint on January 31, 2019. (ECF No. 4.) ABC Expo failed to plead or otherwise defend the suit, resulting in the entry of default on March 1, 2019. (ECF No. 6.) Moreover, ABC Expo has relayed both through its counsel and principal that ABC does not intend to participate in this proceeding. In short, there is no evidence that ABC Expo's default was the result of excusable neglect. The sixth *Eitel* factor favors the entry of a default judgment.

12.     The seventh and final *Eitel* factor also weighs in favor of entering default judgment. Although "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *Anzalone*, 2018 WL 3004664 *7 (citing *PepsiCo v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002)). "Thus, 'the preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp.2d at 1177 (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)). Here, ABC Expo's failure to appear has made a decision on the merits impractical, if not impossible.

13.     The damages set forth by the Trust Funds' and their corresponding calculations are supported by the CBA, Trust Agreements, the Trust Funds' Collection Policy, and 29 U.S.C. 1132(g)(2).

19026283

IT IS HEREBY ORDERED, ADJUDICATED AND DECREED that

- The motion for default judgment **[ECF No. 7] is GRANTED**; and

- **The Clerk of Court is directed to ENTER FINAL JUDGMENT** against Defendant ABC Expo Services, LLC for delinquent employee-benefit contributions of $14,771, liquidated damages of $6,298, interest of $6,298, audit fees of $2,660, and attorney's fees and costs of $9,624, minus a previous recovery of $9,342, **for a total of $30,309** and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 19, 2019

Respectfully submitted by:

BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Adam P. Segal, Esq., Nevada Bar No. 6120
Bryce C. Loveland, Esq., Nevada Bar No. 10132
Christopher M. Humes, Esq., Nevada Bar No. 12782
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614

*Attorneys for Plaintiffs*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101